ALICE WILSON v. RUFUS WILLS ET AL.

(Filed 20 December, 1910.)

Deeds in Trust—Sale—Partnership—Principal and Agent—Dower—Fraud—Evidence—Nonsuit.

  A partnership of three duly executed, with their wives, a deed of trust to F. upon their separate lands to secure a partnership debt, which was foreclosed to pay the debt under its terms and conditions. The lands were bid in by the mortgage creditors, and by them conveyed to one of the firm for the amount of the debt, taking a deed in trust to secure the purchase price. This action is brought by the wife of one of the partners to set aside the conveyances on the ground that the other partners were her agents and acted in fraud of her rights : *Held,* (1) the plaintiff, having duly executed the mortgage to the partnership, conveyed her inchoate right of dower and the purchaser obtained a good and indefeasible title, whether she had paid a part or all of the purchase money for the land embraced in the mortgage, there being no evidence that the sale was not fairly and honestly conducted, or that the terms of the trust deed were not complied with; (2)

it appearing that the plaintiff had full knowledge of the advertisement of the land for sale, with full opportunity to pay the debt or redeem beforehand and before the deed was made to the purchaser, and there being no evidence of fraud, a motion to nonsuit should have been allowed.

APPEAL by plaintiff from *Justice, J.,* at March Term, 1910, of BUNCOMBE.

The facts are sufficiently stated in the opinion of *Mr. Chief Justice Clark.*

*Frank Carter and H. C. Chedester for plaintiff.*
*Jones & Williams and J. D. Murphy for defendants.*

CLARK, C. J. Rufus Wills, William A. Greenlee, and George W. Wilson were partners in business, and being indebted to Slayden-Fakes & Co. $1,100, on 20 March, 1900, they executed to B. R. Fakes a promissory note due one year after date, and to secure the payment thereof the said partners and their wives conveyed certain property to S. B. Davis by deed in trust. The partners were not tenants in common of the lands conveyed, but the different tracts belonged to the different partners. The debt not being paid, the lands were sold 23 April, 1903, by the trustee under the terms of the deed in trust, and Slayden-Fakes & Co. became the purchasers. On 25 August, 1903, they conveyed the several tracts to Catherine Wills and to Rufus Wills and to M. A. Greenlee, taking a deed of trust from Wills and wife to secure the purchase money. The consideration expressed in these deeds of trust represent the $1,100 owing from the three partners, Wills, Greenlee, and Wilson, to Slayden-Fakes & Co.

This action is brought to set aside these deeds and deeds of trust on the ground of fraud on the part of Greenlee and Wills, whom the plaintiff, Alice Wilson, claims were her agents. We find no evidence to show fraud on the part of Greenlee, now deceased, and the whole contention of the plaintiff is to prove fraud on the part of Rufus Wills.

It is not contested that the mortgage for $1,100 was for a valid indebtedness, that it was not paid, that the foreclosure

was conducted fairly and honestly, and that the sale was made after due advertisement, and without any irregularity in the proceedings. The purchaser at said sale obtained a good and indefeasible title, and had a right to convey the same to Rufus Wills. It can make no difference whether the plaintiff had an inchoate right of dower or whether she had paid a part of the purchase money or all of it. She had joined in the deed of trust of 20 March, 1900.

We think his Honor properly sustained a motion to nonsuit. There is no proof of any fraud, actual or constructive. The evidence is that Alice Wilson knew that the land was advertised for sale. She was so told by one who had seen the advertisement in the newspapers, and who told her she had better make some arrangements about it. She could read and could have gotten the paper for herself. Another witness told her of the advertisement and told her he would let her have the money, and she said that she did not want it, that she had the money. Three or four days after the sale she was told it had taken place. She did not claim that she had not heard of it, but said the sale was a fraud, and she was going to see a lawyer about it. At that time the deeds to Greenlee and Wills had not been executed and they were not executed till 24 August, 1903, four months after the sale. In July Rufus Wills told the plaintiff that Slayden-Fakes & Co. had bought in all three homes to save them, and that all that was needed was for them to go and pay the money and get back the land. Though she said she had the money, she made no effort to do this.

The plaintiff claims that she had conversations with Greenlee and Wills, who were acting as her agents and who promised to take care of her. That she told Wills that she had money to save her land and she wanted him to go and save it for her, and he promised to do it. This is denied by Wills. If the plaintiff's own evidence be taken as true, she furnished no money to Wills, and there was nothing to raise a trust. If a promise of that kind was made, it was without consideration. The deed from the trustee to Slayden-Fakes & Co. is without impeachment. If the deed to Wills was set aside, the grantors could

forthwith make a new deed to Wills. Besides, Wills has conveyed the property in a deed of trust to the defendant Murphy, whose title is without impeachment.

Upon a careful examination of the evidence, we think that the judgment of nonsuit should be

Affirmed.